FILED ___ ENTERED
LOGGED ___ RECEIVED

NOV 1 5 2012

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY ___ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MALIBU MEDIA, LLC,                *

    Plaintiff,

vs.                                *   CASE NO. 8:12-cv-01195-PJM

Doe 1

    Defendant.                     *

\* \* \* \* \* \*

## DEFENDANT'S ANSWER AND COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Defendant, Doe 1, by way of Answer to the complaint of Malibu Media, LLC (the "Plaintiff"), says:

### Introduction

1. Defendant denies that Plaintiff has any cause(s) of action against Defendant under the United States Copyright Act of 1976 or under any other legislation or common law.

2. Defendant denies being an infringer of Plaintiff's copyrights.

3. Defendant has no personal knowledge of any of the movies referred to by the Plaintiff.

### Jurisdiction And Venue

4. Defendant denies that Plaintiff has any cause of action against him; however, he admits that this court has subject matter jurisdiction over matters involving federal questions and copyrights.

5. Defendant denies the allegations of this paragraph. Even if the IP address in question was associated with the high-speed Internet router located in the Defendant's home, that fact does not give rise to jurisdiction over the Defendant's person. An IP address is not a person, but a designation assigned to a piece of technology, which can be accessed by multiple individuals. In addition, other devices can be configured with the same IP address.

6. Defendant denies the allegations of this paragraph, except to admit that he is a resident of the City of Bethesda, County of Montgomery, and State of Maryland. For all of these reasons, Plaintiff has failed to plead facts from which a reasonable trier of fact could conclude that this Court has personal jurisdiction over Defendant, or that venue is properly laid in this district.

## Parties

7. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves Plaintiff to its proofs.

8. Defendant admits that he is a resident of the state of Maryland. Defendant has no knowledge as to the IP address provided by Verizon Internet Services.

9. Defendant denies the allegations in this paragraph.

## Factual Background

I. *Defendant Used BitTorrent To Infringe Plaintiff's Copyrights*

10. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

11. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

12. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

13. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

14. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

15. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

16. Defendant has no personal knowledge of these facts and leaves Plaintiff to its proofs.

17. Defendant has no personal knowledge of these facts and leaves Plaintiff to its proofs.

18. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

19. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology and its relation to Plaintiff's alleged copyrighted Works.

20. Defendant denies the allegations of this paragraph with regard to any

alleged activity by the Defendant. As to the general process of participating in a BitTorrent, Defendant leaves Plaintiff to its proofs.

21. Defendant has no personal knowledge of these facts and leaves Plaintiff to its proofs with regard to this description of IPP Limited's investigation and its relation to Plaintiff's alleged copyrighted Works.

22. Defendant denies being an infringer of Plaintiff's copyrights.

23. Defendant denies being identified as an infringer of Plaintiff's copyrights.

## Miscellaneous

24. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

25. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

## COUNT I
## Direct Infringement Against Defendant

26. Defendant's denials and statements in response to paragraphs 1-25 are hereby incorporated as though fully set forth herein.

27. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

28. Defendant denies the allegations of this paragraph.

29. Defendant has no knowledge as to the Plaintiff's authorization or permission as to any downloads of the Works in question. Defendant denies having participated in any activity by which Plaintiff's alleged

copyrights were infringed.

30. Defendant denies the allegations of this paragraph, including subparagraphs (A) through (D).

31. Defendant denies the allegations of this paragraph.

32. Defendant denies the allegations of this paragraph, because Defendant has not engaged in any activity that would harm the Plaintiff or in any way give rise to a cause of action as claimed herein or in any other matter.

WHEREFORE, Defendant respectfully requests that the Court:

(A) Find that the Plaintiff's Complaint is entirely without merit; and

(B) Immediately dismiss Plaintiff's Complaint, with prejudice; and

(C) Award Defendant his reasonable fees and costs of suit; and

(D) Grant Defendant such other and further relief as the Court may deem equitable and just.

## COUNTERCLAIM

Defendant, Doe 1, by way of counterclaim against the Plaintiff, Malibu Media, LLC, says:

1. Defendant is an individual residing in the State of Maryland.

2. This court has jurisdiction over Plaintiff, Malibu Media, LLC, because Plaintiff has availed itself of this court to pursue an action against the Defendant, and this is also therefore the proper venue.

## FACTS COMMON TO ALL COUNTS

1. Plaintiff, Malibu Media, LLC, has engaged in a systematic course of action whereby it is using the Federal Courts in order to extort funds from individuals who use the Internet.

2. This course of action has been well documented in the media (see, for example, **Exhibit A**, www.usnews.com article of February 2, 2012, "Porn Companies File Mass Piracy Lawsuits":

   http://www.usnews.com/news/articles/2012/02/02/porn-companies-file-mass-piracy-lawsuits-are-you-at-risk; hereinafter, "Mass Piracy Lawsuits"), and in a case in the U.S. District Court, Eastern District of New York, it has been called a "nationwide blizzard." <u>In Re BitTorrent Adult Film Copyright Infringement Cases</u>, 2:11-cv-03995, 12-1147, 12-1150, and 12-1154, Order and Report and Recommendation dated May 1, 2012 at p 2.

3. These pornography companies, known as "copyright trolls," utilize technology to obtain information regarding when films have been downloaded via BitTorrent software. The companies obtain information regarding IP addresses which have allegedly been associated with such activity. They then file dozens or hundreds of lawsuits in Federal Court against unknown defendants ("John Does"), utilizing the court system to obtain the names and addresses (and often telephone numbers and email addresses) of the John Does through the court's subpoena power. The mechanism by which this is done is via subpoenas sent to the

Internet Service Provider ("ISP") which issued the IP addresses.

4. Once these companies are in possession of the defendant John Does' contact information, they then contact the John Doe via phone and/or letter and attempt to coerce them into settlement. If these threats are unsuccessful, they refile their cases against the John Does with their true names and continue to press for settlement. (See, "Mass Piracy Lawsuits.")

5. Plaintiff Malibu Media, LLC, is one such "copyright troll," having filed over three hundred of these same type of lawsuits in twelve separate Federal district courts: California, Colorado, District of Columbia, Florida, Illinois, Indiana, Maryland, Michigan, New Jersey, New York, Pennsylvania, and Virginia. See attached **Exhibit B**, a listing of these Malibu Media Cases as of 9/1/2012 as listed on www.dockets.justia.com.

6. Upon information and belief, the principal and/or principals of Plaintiff Malibu Media, LLC, are the same individual(s) who are the principal(s) of two other pornography companies who have been engaged in this course of conduct: namely, Raw Films, Ltd. and Patrick Collins, Inc. Raw Films, Ltd., Malibu Media, LLC, and Patrick Collins, Inc., are, at least in some cases, represented by Plaintiff's counsel of record, Jon A. Hoppe, Esq.

7. Plaintiff commenced the instant action against the Defendant by filing a suit against thirty-four "John Does" on or about April 19, 2012. The sole

purpose of that action was to obtain the issuance of subpoenas to the John Does' Internet service providers ("ISPs") in order to determine the identity of the John Does.

8. On or about April 19, 2012, Plaintiff also filed twelve other cases as follows:

| | |
|---|---|
| Malibu Media, LLC v. John Does 1-37 | Case No. 8:12-cv-01191-DKC |
| Malibu Media, LLC v. John Does 1-28 | Case No. 8:12-cv-01192-RWT |
| Malibu Media, LLC v. John Does 1-34 | Case No. 8:12-cv-01193-JFM |
| Malibu Media, LLC v. John Does 1-12 | Case No. 8:12-cv-01194-DKC |
| Malibu Media, LLC v. John Does 1-32 | Case No. 8:12-cv-01196-RWT |
| Malibu Media, LLC v. Doe 1 | Case No. 8:12-cv-01197-DKC |
| Malibu Media, LLC v. Doe 1 | Case No. 8:12-cv-01198-DKC |
| Malibu Media, LLC v. John Does 1-23 | Case No. 8:12-cv-01199-DKC |
| Malibu Media, LLC v. John Does 1-12 | Case No. 8:12-cv-01200-JFM |
| Malibu Media, LLC v. John Does 1-12 | Case No. 8:12-cv-01200-JFM |
| Malibu Media, LLC v. John Does 1-12 | Case No. 8:12-cv-01201-JFM |
| Malibu Media, LLC v. John Does 1-12 | Case No. 8:12-cv-01202-DKC |
| Malibu Media, LLC v. John Does 1-12 | Case No. 8:12-cv-01203-DKC |

9. The plaintiff's counsel of record, Jon A. Hoppe, Esq., has also filed fifteen other cases in 2012 on behalf of Raw Films, Ltd. and Patrick Collins, Inc.

10. On or about August 14, 2012, a person named Lauren Michael telephoned Defendant. She represented to Defendant that she was calling on behalf of Malibu Media and told Defendant that he was going

     to be named in a lawsuit about to be filed. She urged Defendant to settle the matter for $4,500 and stated that it was less than the cost of hiring an Intellectual Property attorney. The Defendant was given a deadline of three days to respond.

11. On or about August 16, 2012, and August 17, 2012, Lauren Michael called Defendant requesting an answer regarding settlement.

## COUNT I
### Abuse of Process

12. Defendant restates and realleges all of the allegations of the previous paragraphs as if more fully stated herein.

13. Plaintiff has wrongfully, improperly, and illegally used the Federal Court system in an effort to obtain money from this Defendant and the multitude of other defendants which Plaintiff has sued in eleven other Federal District Courts.

14. The filing of this case was done solely with the intent of generating subpoenas which would provide identifying information of the individual defendants and to no other purpose.

15. The individual acts alleged in this case took place on separate, distinct dates and times, and were in no way connected, and therefore, each individual John Doe ought to have been sued separately. By filing the case against multiple defendants in this way, Plaintiff evaded thousands of dollars in filing fees which ought to have lawfully been paid to the Court.

16. Once the Plaintiff had utilized the power of the courts to issue the subpoenas and obtain the Defendant's identifying information, this information was first used NOT to bring an affirmative lawsuit but to contact Defendant in an effort to coerce and compel Defendant to settle the matter out of court. Plaintiff expected that it would cost Defendant thousands of dollars to obtain legal counsel and respond to a lawsuit, and Plaintiff anticipated and intended that the allegations of illegal conduct and the distasteful subject matter of such a lawsuit (namely, the pornographic nature of the movies in question) would induce Defendant to settle quickly.

17. Plaintiff's conduct against the Defendant has been calculated to (1) avoid paying court filing fees which were due and proper based on the causes of action Plaintiff alleged and (2) to intimidate and harass the Defendant.

18. The Plaintiff's sole goal and motive is not a just and fair trial resulting in the preservation of any legal copyrights, but a swift extortion of money out of an intimidated and embarrassed Defendant.

19. The Defendant has been damaged in his personal life by the conduct of the Plaintiff.

WHEREFORE, the Defendant respectfully requests that this Court:

1. Find that these acts of Plaintiff amount to abuse of process;
2. Granting the Defendant all fees and costs of suit;

3. For such other and further relief as the Court may deem equitable and just.

## COUNT II
### Intentional Infliction of Emotional Distress

20. Defendant restates and realleges all of the allegations of the previous paragraphs as if more fully stated herein.

21. Plaintiff has acted with the specific intent to obtain a monetary settlement from every Doe at the lowest cost possible.

22. Plaintiff's conduct in this specific case must be viewed in the light of Plaintiff's conduct in all of the cases filed in all of the Federal Districts: hundreds of cases with thousands of Doe defendants. This misuse of the Federal Courts is outrageous and extreme.

23. In the instant case, Plaintiff's first act after obtaining Defendant's identifying information was to attempt to obtain a monetary settlement from Defendant. Moreover, Plaintiff's counsel of record did not make the contact. Defendant has never once been contacted by Plaintiff's legal counsel, only by Lauren Michael, a person who claims to represent Malibu Media, LLC.

24. In the instant case, Plaintiff alleges that Defendant downloaded pornographic films, the names of which would cause any reasonable person to cringe. Plaintiff's intent is clearly to cause Defendant the emotional distress, shame, and embarrassment that would naturally result from a list like this being associated with one's name, because by

causing such emotional anguish, Plaintiff intends to motivate Defendant to pay a monetary settlement.

25. In the instant case, Plaintiff alleges that Defendant downloaded content from the internet illegally, which is offensive to Defendant's good name and reputation. Plaintiff's intent is clearly to cause Defendant the emotional distress, outrage, humiliation, and damage to one's reputation that would naturally result from such an allegation, because by causing such emotional anguish, Plaintiff intends to motivate Defendant to pay a monetary settlement.

26. The Defendant has been damaged in his personal and professional life by the conduct of the Plaintiff.

WHEREFORE, the Defendant respectfully requests that the Court:

1. Find that these acts of Plaintiff amount to intentional infliction of emotional distress;
2. Granting the Defendant all fees and cost of suit;
3. For such other and further relief as the court may deem equitable and just.

## COUNT III
### Fraud on the Copyright Office

27. Defendant restates and realleges all of the allegations of the previous paragraphs as if more fully stated herein.

28. Upon information and belief, the Plaintiff is not the author of the films to which the Plaintiff claims a copyright in this matter and therefore the

registration of the copyright of said films is not valid.

29. In these cases of mass copyright infringement litigation, shell corporations are created in order to buy and register the copyright for pornographic films solely for the purpose of bringing such litigations as this one.

30. The Plaintiff was not seeking to protect a valid copyright when it made application to the United States Copyright Office, but rather it was seeking to pervert the mechanisms of the Federal Government to its own uses.

31. Had the Copyright Office been made aware of this fraudulent intent, it might not have granted the Plaintiff's application for copyright.

WHEREFORE, the Defendant respectfully requests that the Court:

1. Issue a declaratory judgment that these acts of Plaintiff amount to fraud on the United States Copyright Office and invalidating Plaintiff's copyright on each and every film named in Plaintiff's Exhibits;

2. Granting the Defendant all fees and cost of suit;

3. For such other and further relief as the court may deem equitable and just.

## DEMAND FOR A JURY TRIAL

Defendant-Counterclaimant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

_____<br>
Doe 1<br>
Defendant *pro se*

Dated:     September 19, 2012

### Certification of Service

I, Doe 1, hereby certify that on September 19, 2012, I caused this Answer and Counterclaim to be filed with the Clerk of the Court by hand delivery at the following address:

Greenbelt Division Clerk's Office
6500 Cherrywood Lane
Greenbelt, MD 20770

On the same date, I served a copy of this Answer and Counterclaim upon Plaintiff by mailing to Plaintiff's attorney of record, by U.S. Mail, Return Receipt Requested, at the following address:

Jon A. Hoppe, Esq.
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1404 Mercantile Lane #105
Largo, MD 20774