UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC**<br>**31356 Broad Beach Road**<br>**Malibu, CA 90265,** | * | |
| | * | |
| **Plaintiff,** | * | |
| v. | * | CASE NO. 8:12-cv-01195-PJM |
| **DOE 1,** | * | |
| **Defendants.** | * | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF
DOE 1'S COUNTERCLAIM [DKT. 28]**

Plaintiff, Malibu Media, LLC, pursuant to Fed. R. Civ. P. 12(b)(6), moves for the entry of an order dismissing the Counterclaim filed by Defendant/Counter-Plaintiff, and states:

**I. INTRODUCTION**

Defendant/Counter-Plaintiff's Counterclaim is an attempt to avoid liability for the copyright infringement alleged in Plaintiff's Complaint through the assertion of baseless and sanctionable claims. Instead of owning up to his responsibility for copyright infringement, or asserting valid defenses thereto, Defendant/Counter-Plaintiff has instead chosen to waste judicial resources through the assertion of wholly meritless claims. As set forth below, Defendant/Counter-Plaintiff's Counterclaim fails to state a claim upon which relief can be granted and should be dismissed.

1

## II. MEMORANDUM OF LAW

### A. Defendant/Counter-Plaintiff Fails to State a Claim for Abuse of Process

Defendant/Counter-Plaintiff makes only a conclusory claim for abuse of process which fails to satisfy the requisite elements of the claim. To state a claim for abuse of process, Defendant/Counter-Plaintiff must show three elements: "first, that the defendant wilfully used process after it has issued in a manner not contemplated by law ... second, that the defendant acted to satisfy an ulterior motive; and third, that damages resulted from the defendant's perverted use of process." Wallace v. Mercantile County Bank, 514 F. Supp. 2d 776, 793 (D. Md. 2007) aff'd, 307 F. App'x 720 (4th Cir. 2009). Abuse of process lies where a party invokes legal proceedings not for their intended purpose, but in an effort "to accomplish an ulterior purpose for which it was not designed." Resolution Trust Corp. v. Hecht, 1993 WL 330721 (D. Md. 19930 (quoting W. Page Keeton, *et al., Prosser and Keeton on Torts* § 121 (5th ed. 1984))."

Although Defendant/Counter-Plaintiff alleges an ulterior purpose for Plaintiff's copyright infringement action, such accusations are false and baseless. Plaintiff is using process for the purpose for which it is intended, i.e., to remedy the copyright infringement committed by Defendant/Counter-Plaintiff. Indeed, Defendant/Counter-Plaintiff's claim is nothing more than a description of a carefully designed litigation strategy to ferret out the identities of infringers, make a demand upon them based on their infringement, and to bring legal actions against them if a settlement cannot be reached.

Plaintiff's settlement attempts are an exercise of its Constitutionally-protected right to assert pre-suit settlement demands. See e.g. Sosa v. DirecTV, Inc., 437 F.3d 923, 931 (9th Cir. 2006) (holding that both pre-litigation settlement discussions and discussion during a suit between private parties are afforded protection under the Petition Clause of the First

2

Amendment). "Attempting settlement falls within the scope of pursuing a lawsuit to its authorized conclusion; indeed, settlement is strongly encouraged under . . . Maryland . . . law." Wallace, 514 F. Supp. 2d at 793 (citing Rothman v. Fillette, 503 Pa. 259 (1983) ("[t]here is a strong judicial policy in favor of parties voluntarily settling lawsuits")) (internal citations omitted). Because Plaintiff invoked the mechanism of a copyright infringement action to remedy Defendant/Counter-Plaintiff's infringement, and because this is the intended function of the copyright laws, no cognizable abuse of process claim is stated. "Because the defendants thus did nothing more than pursue the lawsuit to its authorized conclusion, regardless of what their motivations may have been, the plaintiffs have failed to support a claim for abuse of process." Id. Defendant/Counter-Plaintiff's claim for abuse of process, therefore, should be dismissed.

### B. Defendant/Counter-Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress

To establish a claim of extreme and outrageous conduct, or intentional infliction of emotional distress, Defendant/Counter-Plaintiff must allege that: "(1) the conduct in question was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the conduct and the emotional distress; and (4) the emotional distress was severe." Arbabi v. Fred Meyers, Inc., 205 F. Supp. 2d 462, 465-66 (D. Md. 2002).

> Each element must be pled and proved with specificity. It is not enough for a plaintiff merely to allege that they exist; he must set forth facts that, if true, would suffice to demonstrate that they exist. A complaint that fails to allege sufficient facts in support of each element must be dismissed . . . [A] deficiency in any one [element] is fatal.

Id. (Internal quotations and citation omitted) (emphasis added). "It should be emphasized that in Maryland, the tort of intentional infliction of emotional distress is rarely viable." Id. (internal quotations omitted) (citing Farasat v. Paulikas, 32 F. Supp. 2d 244, 247 (D. Md. 1997)).

3

Here, Defendant/Counter-Plaintiff alleges that Plaintiff's allegations of Defendant/Counter-Plaintiff's illegal downloading and copyright infringement are made with the intent to cause emotional distress in order to force settlement. Counterclaim, at ¶¶ 25-26. Plaintiff's filing of legitimate claims to remedy copyright infringement, however, clearly does not constitute "extreme and outrageous conduct." "[A] party is never liable ... where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress." Respess v. Travelers Cas. & Sur. Co. of Am., 770 F. Supp. 2d 751, 761 (D. Md. 2011) (quoting Young v. Hartford Acc. and Indem. Co., 303 Md. 182, 197 (Md. Ct. App.1985)). Plaintiff is entitled to protect its copyrights by initiating lawsuits against unknown Doe Defendants, subpoenaing ISPs for the infringing subscriber's information, and naming individuals as defendants in copyright infringement actions. If Defendant/Counter-Plaintiff's claims were allowed to stand, it would effectively prohibit adult entertainment companies from enforcing their copyrights.

Lacking any merit on its face, Defendant/Counter-Plaintiff's claim for intentional infliction of emotional distress should thus be dismissed out of hand by this Court.

### C. Defendant/Counter-Plaintiff Fails to State a Claim for Fraud on the Copyright Office

Defendant/Counter-Plaintiff's claim for fraud on the copyright office should be dismissed outright as a baseless attempt to impute an improper motive on Plaintiff's protection of its copyrights. In this claim, Defendant/Counter-Plaintiff makes the confounding allegation that Plaintiff's registration of the copyrights at issue, and its initiation of legal proceedings against the infringers thereof, are somehow improper and meant to "pervert the mechanisms of the Federal Government to its own uses." Counterclaim, at ¶ 30. Specifically, Defendant/Counter-Plaintiff

alleges that "Plaintiff is not the author of the films to which the Plaintiff claims a copyright" and that it is instead a "shell corporation[] . . . created in order to buy and register the copyright for pornographic films solely for the purpose of bringing such litigations as this one." Counterclaim, at ¶¶ 28-39.

Defendant/Counter-Plaintiff's claim is flatly incorrect. Malibu Media, LLC. ("Malibu") was formed by Brigham Field, an established photographer and filmmaker, and is an adult film production company located in California. The films which form the basis for this suit are all registered with the United States Copyright Office, such registration being prima facie evidence of a valid copyrightable work owned by Malibu. "In any judicial proceedings the certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. §410(c). Malibu is not a shell company as alleged by Plaintiff. Any assertion to the contrary is simply without merit. Defendant/Counter-Plaintiff's allegations concerning a "perversion" of federal laws are thus baseless, and his claim for fraud on the Copyright Office should be dismissed.

Plaintiff's suit is clearly an exercise of its protected right to enforce its copyrights and deter future infringement. During her time as Register of Copyright, Mary Beth Peters explained the rights of copyright holders in peer-to-peer infringement actions to the Senate Judiciary Committee. "The law is unambiguous. Using peer-to-peer networks to copy or distribute copyrighted works without permission is infringement and copyright owners have every right to invoke the power of the courts to combat such activity. Every court that has addressed the issue

has agreed that this activity is infringement."[1] Ms. Peters explained that these types of litigation suits are necessary to deter infringement:

> [F]or some users of peer-to-peer technology, even knowledge that what they are doing is illegal will not be a sufficient disincentive to engage in such conduct. But whether or not these infringers know or care that it is against the law, the knowledge that such conduct may lead to expensive and burdensome litigation and a potentially large judgment should have a healthy deterrent effect. While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored. For many people, the best form of education about copyright in the internet world is the threat of litigation. In short, if you break the law, you should be prepared to accept the consequences. Copyright owners have every right to enforce their rights in court, whether they are taking action against providers of peer-to-peer services designed to profit from copyright infringement or against the persons engaging in individual acts of infringement using such services.

Id. (emphasis added). "Copyright owners have every right to enforce their rights in court…against the person engaging in individual acts of infringement using such (peer-to-peer) services." Id.

Defendant/Counter-Plaintiff's allegations concerning a "perversion" of federal laws are thus baseless, and his claim for fraud on the Copyright Office should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant/Counter-Plaintiff's Counterclaim should be dismissed.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an Order dismissing Defendant/Counter-Plaintiff's Counterclaim against Plaintiff in its entirety and for such other and further relief as this Court deems just and proper.

---

[1] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary*, 108th Cong. (2003), *available at* http://www.copyright.gov/docs/regstat090903.html

Dated: December 7, 2012

                                            Respectfully Submitted,

                                        By:   */s/ Jon A. Hoppe*

Jon A. Hoppe, Esquire #6479
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 7, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                        By:  */s/ Jon A. Hoppe*