# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**ROGER W. TITUS**
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0052

# M E M O R A N D U M

TO:        Counsel of Record

FROM:      Judge Roger W. Titus
           Judge Paul W. Grimm

RE:        Malibu Media, LLC v. John Doe Cases in the District of Maryland

DATE:      March 1, 2013

\* \* \* \* \* \* \* \* \*

Malibu Media, LLC ("Malibu Media") is the Plaintiff in thirty-two (32) open cases in the United States District Court for the District of Maryland, as listed in the Appendix attached hereto.  Malibu Media's litigation activity has been substantially the same in these matters, as described below.

The complaint in each case asserts a claim of copyright infringement against a single, unnamed "John Doe" Defendant.  The Defendant is identified as the subscriber to a listed Internet Protocol address ("IP address").  Malibu Media alleges in the complaint that the John Doe Defendant infringed Malibu Media's copyrights by using the BitTorrent file distribution network ("BitTorrent").  Malibu Media claims that the John Doe Defendant used BitTorrent to illegally download movies for which Malibu Media has copyrights.

Malibu Media has moved pursuant to Rule 26(d) of the Federal Rules of Civil Procedure for leave to serve a third-party subpoena prior to a Rule 26(f) conference.  Malibu Media asserts that it only knows the John Doe Defendant by its IP address, and requests that the Court issue a Rule 45 subpoena for service on the John Doe Defendant's Internet Service Provider ("ISP") so that it may learn the Defendant's true identity.

Malibu Media has also filed a "Memorandum Explaining Why It Has a Clear and Undeniable Right to Issue a Rule 45 Subpoena."  *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 13-cv-508-RWT, ECF No. 6.  Malibu Media asserts in this Memorandum that in similar cases, "federal courts have consistently permitted copyright owners to identify Doe Defendants through a Rule 45 subpoena, and two Federal Circuit Courts have held that Rule 45 subpoenas are permissible."  *Id.* at 6, citing Exhibit A, ECF No. 6-1 (captioned, "Courts That Have Permitted a Copyright Plaintiff to Subpoena the Identity of At Least One John Doe Defendant in an Online Infringement Case").  Malibu Media argues that "a ruling to the contrary [in this Court] would catastrophically undermine the rights of copyright owners by denying them the

tools necessary to identify on-line infringers." *Id.* Malibu Media most recently filed a Declaration by one of its principals to further support its request for a subpoena to an ISP.

The Judges of this Court have requested that Judge Roger W. Titus and Judge Paul W. Grimm jointly preside over a hearing on all cases listed in the Appendix to this Memorandum for the purpose of addressing the pending discovery motions. Judge Titus and Judge Grimm will hold the hearing on **Tuesday, March 19, 2013, at 9:00 a.m.**, to last no longer than two hours. At this hearing, counsel for Malibu Media should be prepared to address the following questions:

- What is Malibu Media's affiliation, if any, with Patrick Collins, Inc., Third Degree Films, Inc., K-Beech, Inc., Hard Drive Productions, Inc., Raw Films, Ltd., and/or AF Holdings, LLC?

- Is there any method other than using full discovery to determine if a John Doe Defendant identified as the subscriber to a particular IP address is the same person who allegedly <u>used</u> that IP address to download the copyrighted work(s)?

- Does a complaint alleging copyright infringement state a plausible claim under federal pleading standards when it identifies the Defendant only by an IP address, and not a name, address, or other identifying information?

- A number of federal courts have been reluctant to grant a subpoena to an ISP when confronted with a request similar to that made by Malibu Media in these cases. *See, e.g.*, *Patrick Collins, Inc. v. Doe 1*, No. 12-cv-1154 (ADS) (GRB), __ F.R.D. __ , 2012 WL 5879120, at *4-*5 (E.D.N.Y. Nov. 20, 2012) (noting some courts' "skepticism of the use of IP addresses to identify file sharing defendants in cases involving pornographic films," and finding that an IP address alone is insufficient to establish a reasonable likelihood that it will lead to the identity of the defendants who could be sued). Malibu Media does not cite this case, or similar ones, which conflict with cases cited by Malibu Media for the proposition that the Court should issue a third-party subpoena to an ISP. How does Malibu Media distinguish such contrary authority? *Cf. Massey v. Prince George's Cnty.*, 907 F. Supp. 138, 142 (D. Md. 1995) ("Failure to pursue applicable legal authority in [a] timely fashion may well constitute a violation of" the Rules of Professional Conduct. "Particularly disturbing is [where] . . . a litigant who was an unsuccessful party to a directly relevant adverse precedent . . . has failed to cite that precedent to the court."); *Noohi v. Toll Bros., Inc.*, No. 12-1261, at 14 n.3 (4th Cir. Feb. 26, 2013) (describing failure to cite an applicable case as "inexplicabl[e]" and "glaring").

- If Malibu Media is granted a subpoena to serve on an ISP and determines the name and address of the IP subscriber, what does Malibu Media intend to do with that information?

- Some plaintiffs who, like Malibu Media, have requested that the Court approve subpoenas to identify IP subscribers, thereafter have demanded settlement by threatening that the subscriber will be named in a case alleging that the subscriber illegally downloaded pornographic material if he or she does not make the settlement payment. *See, e.g.*, *Media Products, Inc. v. John Does 1-26*, Nos. 12 Civ. 3719 (HB), 12 Civ. 3630 (HB), 12 Civ. 2962 (HB), 2012 WL 3866492, at *1 (S.D.N.Y. Sept. 4, 2012) ("The relatively small group of

lawyers who police copyright infringement on BitTorrent have customized the concept of extracting quick settlements without any intention of taking the case to trial.*** Particularly troubling for courts is the high probability of misidentified Doe defendants (who may be the bill-payer for the IP address but not the actual infringer) settling a case for fear of the disclosure of the allegations against them or of the high costs of litigation.") (citations omitted).  Please explain how issuing a third-party subpoena in these cases, which allege that defendants illegally downloaded pornographic material, could be limited so as to avoid any potential for exploitation.

A two-hour hearing before both of the undersigned to address the questions identified above and pending motions is hereby **SCHEDULED** for **Tuesday, March 19, 2013, at 9:00 a.m., in Courtroom 2C**, located at 6500 Cherrywood Lane, Greenbelt, Maryland 20770.

Because of the importance of the issues, counsel who have previously appeared in cases of this nature will also be notified and will be permitted, should they choose to do so, to participate as amicus curiae.  Any attorney desiring to do so may submit a single-spaced letter not exceeding three (3) pages in length by March 12, 2013.  If an oral presentation is desired, the letter shall so state.

Despite the informal nature of this ruling, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly in all cases listed in the Appendix hereto.

_____/s/_____              _____/s/_____
Roger W. Titus                         Paul W. Grimm
United States District Judge           United States District Judge