UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | * | |
|     Plaintiff, | * | |
| v. | * | CASE NO. 8:12-cv-01195-PJM |
| **JOHN DOE 1,** | * | |
|     Defendants. | * | |

## PLAINTIFF'S MOTION TO DISMISS THE CASE WITH PREJUDICE

Plaintiff, Malibu Media, LLC ("Plaintiff"), hereby moves for the entry of an order dismissing the case with prejudice, and states:

Pursuant to Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.* "[T]he 'purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced,' . . . thus, a district court should grant a Rule 41(a)(2) motion 'absent plain legal prejudice to the defendant[.]'" *Bridge Oil, Ltd. v. Green Pac. A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) quoting *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987). "[T]he prospect of a subsequent lawsuit does not constitute prejudice for purposes of Rule 41(a)(2)." *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388-89 (4th Cir. 2001)

Here, Defendant will not face any legal prejudice. Indeed, following the entry of an order dismissing this case with prejudice, Plaintiff will be precluded from suing Defendant for these infringements. This benefits, as opposed to harms, Defendant. Further, there are no counterclaims because the Court has already dismissed them pursuant to Plaintiff's Motion. *See* Order, CM/ECF 60. Consequently, there is no possible way Defendant can be harmed by the entry of an order dismissing Plaintiff's claim against Defendant. Because of the Court's Order

prohibiting "Malibu . . . from initiating, directly or indirectly, any settlement communications with Doe 1," Plaintiff did not attempt to contact Defendant for the purpose of obtaining a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) and did not confer with Defendant with regard to the instant Motion.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order dismissing Plaintiff's claims against Defendant with prejudice.

Dated: December 17, 2013

> Respectfully submitted,
> MALIBU MEDIA, LLC.
> PLAINTIFF
>
> By: /s/*Jon A. Hoppe*
> Jon A. Hoppe, Esquire #6479
> Counsel
> Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
> 1401 Mercantile Lane #105
> Largo, Maryland 20774
> (301) 341-2580

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system. I further certify that the foregoing document was served via U.S. Mail on the *pro se* Defendant.

By: /s/*Jon A. Hoppe*